E-Filed

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-5626-GHK (Ex) | Date | November 2, 2011 |
|---|---|---|---|
| Title | *Dolores Ford v. Aurora Loan Services, LLC* | | |

| Presiding: The Honorable | GEORGE H. KING, U. S. DISTRICT JUDGE | |
|---|---|---|
| Beatrice Herrera | N/A | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**     **(In Chambers) Order re**: Defendant's Motion to Dismiss Plaintiff's First Amended Complaint; **[11]**

This matter is before us on Defendant Aurora Loan Services, LLC's ("Defendant" or "Aurora") Motion to Dismiss Plaintiff's First Amended Complaint ("Motion"). Plaintiff Dolores Ford ("Plaintiff") brings the following six claims against Defendant in her First Amended Complaint ("FAC"): (1) negligent misrepresentation; (2) promissory estoppel; (3) breach of oral contract to postpone trustee's sale; (4) equitable claim to set aside trustee's sale; (5) fraud; and (6) negligence. We have considered the papers filed in support of and in opposition to this Motion, and deem this matter appropriate for resolution without oral argument. L.R. 7-15. As the Parties are familiar with the facts in this case, we will repeat them only as necessary. Accordingly, we rule as follows.

**I.      Legal Standard for Motion to Dismiss Under Rule 12(b)(6)**

In order to survive dismissal for failure to state a claim, a complaint must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). It must contain factual allegations sufficient to "state a claim to relief that is plausible on its face." *Id.* at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662 (2009). In considering a motion to dismiss, we must accept the allegations of the complaint as true and construe them in the light most favorable to the plaintiff. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). We need not accept as true, however, legal conclusions "cast in the form of factual allegations." *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

**II.     Pleading Requirements**

Most of Plaintiff's claims are governed by the pleading requirements set forth in Rule 8(a)(2), which merely requires the FAC to contain "a short and plain statement of the claim showing that the

E-Filed

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-5626-GHK (Ex) | Date | November 2, 2011 |
|---|---|---|---|
| Title | *Dolores Ford v. Aurora Loan Services, LLC* | | |

pleader is entitled to relief." The Parties agree that Plaintiff's fraud and negligent misrepresentation claims are governed by Rule 9(b), which requires Plaintiff to "state with particularity the circumstances constituting fraud or mistake." This means that Plaintiff must allege the "who, what, when, where and how" supporting her fraud-based allegations made in the FAC. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003).

Defendant argues that Plaintiff's FAC fails to meet the pleading requirements set forth in the Federal Rules of Civil Procedure because it "fails to make *any* substantive allegations of wrongdoing by Aurora" and "fails to offer even a formulaic recitation as to any alleged wrongdoing by Aurora." (Mot. 4). Defendant also argues that Plaintiff's fraud-based claims are "wholly inadequate" under Rule 9(b). (Mot. 6). We disagree. Plaintiff's FAC provides detailed factual allegations for each claim she asserts. Indeed, the level of detail provided by Plaintiff would fulfill not only the Rule 8(a) notice pleading requirement but also the Rule 9(b) specificity requirement as to each claim. Accordingly, we hereby **DENY** Defendant's Motion inasmuch as it generally challenges the FAC under Rules 8(a)(2) and 9(b).

**III.    Negligent Misrepresentation and Fraud (Claims 1 and 5)**

Defendant moves to dismiss Plaintiff's negligent misrepresentation and fraud claims. It first argues that Plaintiff cannot recover in tort for what is really a claim for breach of the initial written contract because the FAC fails to allege a breach of duty independent of the duties under the Parties' promissory note or Deed of Trust. Defendant also argues that Plaintiff "fails to allege . . . that[] Aurora made any affirmative misrepresentation to Plaintiff" by a person with authority to speak on behalf of Aurora, (Mot. 5), and that Plaintiff "fails to allege how she relied to her detriment on any representations made by Aurora," (Mot. 6). In its Reply, Defendant further argues that the FAC is deficient because it only alleges verbal, not written, misrepresentations.

Defendant's arguments are without merit. First, Plaintiff sufficiently sets forth allegations of misrepresentations and detrimental reliance. Second, Defendant's argument that Plaintiff cannot recover in tort for breach of the promissory note or Deed of Trust betrays a misunderstanding of Plaintiff's claims. Plaintiff does not contend that Defendant negligently breached the promissory note or Deed of Trust. Rather, she alleges that independent of these agreements, Defendant made fraudulent representations to induce Plaintiff to enter into a Forbearance Alternative Agreement ("FAA") and make payments under that agreement. It is true that a person generally may not recover in tort for the breach of duties that merely restate obligations under a contract. *See Erlich v. Menezes*, 21 Cal. 4th 543, 551 (1999). But, just because a contract is involved in a tort dispute does not mean that this doctrine always bars tort recovery. Indeed, California Civil Code § 1572 provides that fraud consists of a suppression of truth, promise made without any intention of performing it, act fitted to deceive, positive assertion that is not true, or false suggestion "*committed by a party to the contract*, or with his connivance, with intent to deceive another party thereto, *or to induce him to enter into the contract*." (emphasis added).

Third, Defendant's lack of duty argument falls flat. While duty must be shown in cases of concealment of nondisclosure, *see Linguish v. Savage*, 213 Cal. App. 2d (1963), no such requirement is

E-Filed

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-5626-GHK (Ex) | Date | November 2, 2011 |
|---|---|---|---|
| Title | *Dolores Ford v. Aurora Loan Services, LLC* | | |

present in cases of *affirmative* misrepresentations. In this case, Plaintiff repeatedly alleges that Defendant affirmatively promised her that it *would not* foreclose on her home.

Fourth, Defendant's argument that the FAC is deficient because it fails to allege *written* misrepresentations is similarly meritless. Defendant cites no legal authority for its assertion that allegations of solely verbal misrepresentations are legally insufficient in a fraud or misrepresentation action. Moreover, Defendant's authority itself states that in a fraud claim, a plaintiff must "allege the names of the persons who made the allegedly fraudulent representations, their authority to *speak*, to whom they *spoke*, what they *said* or wrote, and when it was *said* or written." *Tarmann v. State Farm Mut. Auto Ins. Co.*, 2 Cal. App. 4th 153, 157 (1991) (emphasis added).

Fifth, construing the allegations in the FAC in the light most favorable to Plaintiff, the FAC sufficiently alleges that the misrepresentations were made by someone with authority to speak on Aurora's behalf. The FAC clearly identifies the name, identification number, and department of each individual with whom Plaintiff communicated regarding the status of her loan modification and foreclosure postponement. These allegations are sufficient for us to infer that the representatives with whom Plaintiff spoke had authority to speak on behalf of Defendant.

Accordingly, we **DENY** Defendant's Motion as to Plaintiff's fraud and negligent misrepresentation claims.

**IV.     Promissory Estoppel (Claim 2)**

Defendant argues that Plaintiff's promissory estoppel claim should be dismissed because Defendant's representatives' statements constitute mere preliminary discussions and negotiations, not a clear and unambiguous promise. Defendant also argues that Plaintiff fails to allege her satisfaction or performance of all conditions required for a loan modification. In its Reply, Defendant further argues that Plaintiff has not sufficiently pleaded justifiable reliance because she failed to allege any *affirmative* actions taken by Plaintiff in reliance on Defendant's alleged misrepresentations.

Defendant's arguments are without merit. First, the FAC's allegations of Defendant's representatives' statements regarding Plaintiff's loan modification application and foreclosure sale status, taken as true and in the light most favorable to Plaintiff, are sufficiently definite to be considered clear and unambiguous promises. Plaintiff asserts with detail and particularity that Defendant's representatives repeatedly stated that Plaintiff was not at risk of foreclosure given that she had successfully complied with the FAA requirements and documentation requests, and that continued submission of such documents and FAA payments would preclude foreclosure of Plaintiff's property. These allegations are sufficiently definite for a promissory estoppel claim.

Second, Plaintiff clearly alleged that she had satisfied and performed all conditions required to forestall foreclosure. (FAC ¶ 25–26). Third, Defendant's assertion that a plaintiff must take *affirmative* action to establish reliance is patently wrong. Reliance under promissory estoppel requires a change of

E-Filed

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-5626-GHK (Ex) | Date | November 2, 2011 |
|---|---|---|---|
| Title | *Dolores Ford v. Aurora Loan Services, LLC* | | |

position, which is defined as an act or forbearance. *Garcia v. World Savings, FSB*, 183 Cal. App. 4th 1031, 1040-41 (2010) (citing *Youngman v. Nev. Irrigation Dist*, 70 Cal. 2d 240, 249 (1969)). Moreover, the FAC alleges affirmative action and forbearance from action: it states that Plaintiff complied with the forbearance plan, made required payments to stay out of foreclosure, submitted documents related to loan modification, and forbore from seeking other measures to cure her debt, such as a short sale.

Accordingly, we **DENY** Defendant's Motion as to Plaintiff's promissory estoppel claim.

**V.     Breach of Oral Contract to Postpone Trustee's Sale (Claim 3)**

Defendant argues that Plaintiff's breach of oral contract claim should be dismissed because (a) Plaintiff has not alleged the formation of a valid oral contract, and (b) the alleged agreement is barred by the Statute of Frauds, California Civil Code § 1624. Because the agreement in question is an oral modification of a written contract, the validity of the oral modification is governed by § 1698, which states in pertinent part:

> (b) A contract in writing may be modified by an oral agreement to the extent that the oral agreement is executed by the parties.
> (c) Unless the contract otherwise expressly provides, a contract in writing may be modified by an oral agreement supported by new consideration. The statute of frauds (Section 1624) is required to be satisfied if the contract as modified is within its provisions.

**A.     Plaintiff's Breach of Oral Contract Claim Is Not Valid Under § 1698(b)**

Plaintiff argues that the oral agreement is valid under § 1698(b) because the agreement is "executed" since she fully performed her portion of the agreement. We disagree. Plaintiff's reliance on *Raedeke v. Gibraltar Sav. & Loan Ass'n*, 10 Cal. 3d 665 (1974), is misplaced in that it was based on a prior version of § 1698, which stated that "[a] contract in writing may be altered by a contract in writing, or by an executed oral agreement, and not otherwise." *Id.* at 673. The statute was amended to its current version in 1976 to require that a written agreement is modified by "an oral agreement to the extent that the oral agreement is executed by the parties." The use of the plural form shows that action is required by *both* parties to the agreement. Plaintiff's "own argument defeats its claim under § 1698(b), for it argues that [Defendant] breached its obligation under the oral agreement because it failed to perform the *un*executed part of the agreement." *Fanucchi & Lima Farms v. United Agri Products*, 414 F.3d 1075, 1081 (9th Cir. 2005); *see also Davidson v. ConocoPhillips Co.*, No. C08-1756 BZ, 2009 WL 2136535, at *3 n.14 (N.D. Cal. July 10, 2009) (prior understanding of § 1698 was superseded by the 1976 amendments). Thus, the oral modification of the loan agreement is not valid under § 1698(b).

**B.     Plaintiff's Breach of Oral Contract Claim Is Not Valid Under § 1698(c)**

Under § 1698(c), an oral modification to a written agreement can be valid if (1) the oral modification is not expressly prohibited by the written agreement, (2) the oral agreement is supported by

E-Filed

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-5626-GHK (Ex) | Date | November 2, 2011 |
|---|---|---|---|
| Title | *Dolores Ford v. Aurora Loan Services, LLC* | | |

new consideration, and (3) if applicable the Statute of Frauds is satisfied.  The first requirement of § 1698(c) is met because the Party's loan agreement does not appear to prohibit oral modifications, and Defendant has made no argument to this effect.

As to the second requirement, Plaintiff argues that the oral agreement was supported by the following consideration: (1) Plaintiff's completion and submission of the loan modification application; (2) her compliance with the FAA and payments made under that plan; (3) Defendant's ability to save the cost of foreclosure if the loan modification were successful; and (4) Defendant's opportunity to comply with state law regarding proper foreclosure procedures.  Moreover, Plaintiff argues that even in the absence of consideration, promissory estoppel provides an adequate substitute for consideration for purposes of her breach of oral contract claim.

Plaintiff's allegations of new consideration are insufficient.  First, Plaintiff's completion and submission of the loan modification application do not constitute consideration because she alleges that she completed and submitted the application *before* she had any communications with Defendant regarding postponement of the foreclosure sale.  (FAC ¶ 9).  Thus, the loan modification application could not have been consideration for Defendant's alleged agreement to postpone the sale.

Second, Plaintiff's compliance with the FAA and payments made thereunder do not constitute consideration.  The FAA was its own separately executed agreement "wherein Plaintiff was required to make a stipulated payment of $4,675 on or before October 29, 2010, subsequently followed by five (5) consecutive stipulated monthly payments each in the amount of $4,675 from November 2010 – March 2011, pending review of her HAMP loan modification. On or before November 4, 2010, Plaintiff executed the FAA and made all such asked for and required payments."  (FAC ¶ 11).  "It is an uniform rule of law that a consideration for an agreement is not adequate when it is a mere promise to perform that which the promisor is already legally bound to do."  *General Motors Acceptance Corp. v. Brown*, 2 Cal. App. 2d 646, 650 (1934).  Moreover, "agreeing to pay part of a preexisting debt is not valid consideration."  *See Singh v. Wells Fargo Bank*, No. 1:10-CV-1659 A WI SMS, 2011 WL 66167, at *3 (E.D. Cal. Jan. 7, 2011) (citing *Grant v. Aerodraulics Co.*, 91 Cal. App. 2d 68, 75 (1949)).

As to her third and fourth assertions of consideration, Plaintiff cites no authority for the dubious propositions that a lender's potential savings of the cost of foreclosure or the lender's opportunity to comply with state law can constitute consideration for an oral contract between the lender and borrower.

Although Plaintiff argues that in the absence of true consideration, promissory estoppel can act as a substitute, California law is clear that breach of contract and promissory estoppel are two distinct methods of recovery.  *See Wyler Summit Partnership v. Turner Broadcasting Sys., Inc.*, 235 F.3d 1184, 1195 (9th Cir.) (citing *C & K Eng'g Contractors v. Amber Steel Co.*, 23 Cal. 3d 1 (1978)); *Cooper v. State Farm Mut. Auto. Ins. Co.*, 177 Cal. App. 4th 876, 900 (2009) (stating that "promissory estoppel is distinct from contract" even though the damages that might be recoverable under each doctrine may be the same); *US Ecology, Inc. v. State*, 129 Cal. App. 4th 887, 902 (2005) (describing promissory estoppel as the claim that may be asserted where the consideration element is missing from a breach of contract

E-Filed

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-5626-GHK (Ex) | Date | November 2, 2011 |
|---|---|---|---|
| Title | *Dolores Ford v. Aurora Loan Services, LLC* | | |

claim). Thus, Plaintiff cannot recover under a contract claim where promissory estoppel provides the consideration for the Parties' oral contract. We have denied Defendant's Motion as to Plaintiff's promissory estoppel claim. Although § 1698 does not bar Plaintiff's promissory estoppel claim, *see* § 1698(d); *Garcia*, 183 Cal. App. 4th 1031, 1040 n.10, promissory estoppel cannot also support Plaintiff's breach of oral promise claim. *See Cmty. Infusion Servs. Inc. v. Nat'l Org. for Rare Disorders*, No. SACV 11-00719-JVS (MLGx), 2011 WL 2420224, at *5 (C.D. Cal. June 14, 2011) (dismissing a claim for breach of oral contract that was not supported by consideration, where the allegations might be sufficient to state a claim for promissory estoppel).

Moreover, even if we were to decide that there was adequate consideration – or if Plaintiff could amend her Complaint to allege adequate consideration – Plaintiff's breach of oral contract claim would still be barred by the Statute of Frauds. Under the third requirement of § 1698(c), Plaintiff must fulfill the requirements of the Statute of Frauds if the contract as modified falls within its provisions. Plaintiff seeks to modify the Deed of Trust, which falls within the Statute of Frauds. *See* § 1624(a)(6). Section 1624(a) states that to be valid, contracts falling within its provisions must be "in writing and subscribed by the party to be charged or by the party's agent." Plaintiff's oral contract was undisputedly not "in writing." Thus, although the Statute of Frauds does not bar Plaintiff's promissory estoppel claim, *see Garcia*, 183 Cal. App. 4th 1031, 1041 n.10 ("[T]o the extent appellants' claim is premised on promissory estoppel, . . . the statute of frauds will [not] defeat their claim."), Plaintiff cannot both recover under its promissory estoppel claim and her breach of oral contract claim where the oral contract does not meet the requirements of the Statute of Frauds.

Accordingly, we hereby **GRANT** Defendant's Motion and **DISMISS** Plaintiff's breach of oral contract claim **with prejudice**.

**VI.    Equitable Claim to Set Aside Trustee's Sale (Claim 4)**

Defendant argues that Plaintiff's set aside claim should be dismissed because Plaintiff has not alleged that she tendered the loan amount before bringing the Complaint, that she has the ability to do so, or that equitable circumstances exist such that tender should not be required.

A party seeking to quiet title or set aside a foreclosure must allege willingness and ability to tender. *See Castle v. Mortg. Elect. Registration Sys., Inc.*, No. EDCV 11-00538 VAP (DTBx), 2011 WL 3626560, at *11-12 (C.D. Cal. Aug. 16, 2011). But, the requirement is not that a borrower must have offered tender before the foreclosure occurred. Rather, an *action* to set aside a foreclosure must be accompanied by tender or offer to tender. *See Arnolds Mgmt. Corp. v. Eischen*, 158 Cal. App. 3d 575, 578 (1984). Courts have dismissed set aside claims where the plaintiff had failed to allege an ability and willingness to tender the full debt owed under the original loan. In this case, Plaintiff has failed to properly plead tender. Her statement that she "was able and willing to tender the full amount of the debt," but was induced to not do so by Defendant's reassurances that no foreclosure would occur, (FAC ¶ 27), is not an expression of current willingness or ability to tender. Nor has Plaintiff alleged facts to support why it would be inequitable to require tender under the very limited and narrow equity

E-Filed

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-5626-GHK (Ex) | Date | November 2, 2011 |
|---|---|---|---|
| Title | *Dolores Ford v. Aurora Loan Services, LLC* | | |

exception to the tender rule. *See Onofrio v. Rice*, 55 Cal. App. 4th 413, 424 (1997); *cf. Manantan v. Nat'l City Mortg.*, No. C-11-00216 CW, 2011 WL 3267706, at *6 (N.D. Cal. July 28, 2011) ("To vest title in a defaulting borrower without tender of the loan amount would be inequitable to the lender.").

Accordingly, we hereby **GRANT** Defendant's Motion as to the equitable set aside claim with leave to amend. Any amended complaint asserting a set aside claim must include an allegation of willingness and ability to tender.[1]

**VII.   Negligence (Claim 5)**

Defendant argues that Plaintiff's negligence claim cannot stand because a lender owes no duty to a borrower. Plaintiff argues that such a duty is created by the Home Affordable Mortgage Program ("HAMP") guidelines, which were promulgated pursuant to the Helping Families Save Their Homes Act of 2009, Pub. L. No. 111-22, 123 Stat. 1632, 1639. According to Plaintiff, § 201 of the Act and the HAMP guidelines create a duty not to foreclose, which Defendant breached.

We disagree. Section 201 and the HAMP guidelines are not intended to define industry practice for purposes of liability to borrowers or to protect borrowers from harm caused by foreclosures. Instead, § 201, titled "Servicer Safe Harbor for Mortgage Loan Modifications," and the HAMP guidelines serve to *protect* loan servicers from potential liability to their investors if the servicers offer loan modifications to borrowers. *See, e.g.*, Pub. L. 111-22, § 201(b) (providing that "to the extent that the servicer owes a duty to investors or other parties to maximize the net present value of such mortgages . . . the servicer shall be deemed to have satisfied the duty" if the servicer implements an appropriate mitigation plan, including loan remodifications); *see also Jones v. Premier One Funding*, No. C-09-3858 SC, 2010 WL 841277, at * 3 (N.D. Cal. Mar. 10, 2010) (holding that contrary to the plaintiffs' argument that § 201 imposes a duty on loan servicers to negotiate loan modifications, "[t]he Court has reviewed Public Law 111-22, section 201, which has been codified as 15 U.S.C. § 1639a, and it does not require loan servicers to engage in loan modification. The law protects loan servicers who engage in modification activities from liability.").

---

[1] Of course, an allegation of the willingness and ability to tender must conform with Rule 11 of the Federal Rules of Civil Procedure, which provides, in part:

> By presenting to the court a pleading, written motion, or other paper . . . an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: . . . the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; [and] the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery . . . .

E-Filed

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-5626-GHK (Ex) | Date | November 2, 2011 |
|---|---|---|---|
| Title | *Dolores Ford v. Aurora Loan Services, LLC* | | |

Accordingly, Plaintiff's argument that federal law imposes a duty to borrowers fails. State and federal district courts in California have also consistently held that no fiduciary relationship exists between lenders and borrowers and that lenders do not owe a duty of care to borrowers. *See, e.g., Lyons v. Bank of America, NA*, No. 11-01232 CW, 2011 WL 3607608, at*7-8 (N.D. Cal. Aug. 15, 2011) (so holding and collecting cases from federal district courts in California that have so held); *Cerecedes v. U.S. Bankcorp*, No. CV 11-219 CAS (FMOx), 2011 WL 2711071, at *6 (C.D. Cal. July 11, 2011). We hereby **GRANT** Defendant's Motion as to the Plaintiff's negligence claim and **DISMISS** this claim **with prejudice**.

**VIII. Conclusion**

In summary, we **DISMISS** Plaintiff's breach of oral contract and negligence claims **with prejudice**. We **DISMISS** Plaintiff's set aside claim **with leave to amend**. We **DENY** Defendant's Motion in all other respects. Plaintiff **SHALL** file any Second Amended Complaint ("SAC") within **twenty-one (21) days hereof**. If Plaintiff timely files a SAC, Defendant **SHALL** respond to the SAC **within thirty (30) days thereafter**.

**IT IS SO ORDERED.**

|  | -- | : | -- |
|---|---|---|---|
|  | Initials of Deputy Clerk | | Bea |